■ BESSIE NICOLOSI et al., Respondents, v. ELMONT ESTATES, INC., et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries etc., the corporate defendants appeal separately from an order of the Supreme Court, Nassau County, entered January 12, 1970, which granted plaintiffs' motion to vacate previous orders of said court dismissing the complaint pursuant to CPLR 3216 (subd. [b]). Order reversed, without costs, and motion denied. In our opinion, plaintiffs patently failed to establish a reasonable excuse for their delay and the affidavit of merits was conclusory rather than evidentiary in nature (*Keating* v. *Smith*, 20 A D 2d 141; *Sortino* v. *Fisher*, 20 A D 2d 25). Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD CARDI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 17, 1969, which denied the application, without a hearing. Order reversed, on the law, and proceeding remitted to the Criminal Term for a hearing. The findings of fact below have not been considered. In our opinion, appellant's allegations, although improbable, are neither so incredible as a matter of law nor so clearly refuted by the record that he is not entitled to a hearing (*People* v. *Bagley*, 23 N Y 2d 814). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HENRY GLOVER, Appellant.— Judgment of the County Court, Nassau County, rendered December 17, 1968 on resentence, affirmed. No opinion. Appeal from judgment of the County Court, Nassau County, rendered May 19, 1961, dismissed as academic. This judgment was superseded by the judgment rendered December 17, 1968. Munder, Acting P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND G. LASKY, Appellant.— Order of the County Court, Dutchess County, dated April 29, 1969, affirmed. Defendant's application is treated as a motion for a writ of error *coram nobis* (*People* v. *Machado*, 17 N Y 2d 440, cert. den. 383 U. S. 921; *People* v. *Boney*, 34 A D 2d 651). The burden of proof was on defendant with respect to the unconstitutionality claim (*People* v. *Broderick*, 43 Misc 2d 1014, app. dsmd. 24 A D 2d 638, mot. for lv. to app. [treated as mot. in a habeas corpus proceeding] den. *sub nom. People ex rel. Broderick* v. *La Vallee*, 17 N Y 2d 485; *People* v. *Gillespie*, 44 Misc 2d 592). Defendant's alleged misapprehension is not pertinent inasmuch as he was represented by counsel. The claim that counsel operated under misapprehension is hearsay. Further, counsel's alleged error is not a basis for *coram nobis* relief (*People* v. *Eckhard*, 26 A D 2d 866). In any case, the record indicates that the alleged misapprehension was clearly not justified and the papers are insufficient to corroborate the conclusory allegation that the out-of-State convictions were unconstitutional (*People* v. *Cornish*, 21 A D 2d 280; *People* v. *Wimberly*, 23 A D 2d 684). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.